IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                                  Case No. 3:05CR707

           Plaintiff

    v.                                                                                      ORDER

James N. Altiere, III,

           Defendant

       This is a criminal case in which the defendant has filed a motion to dismiss, contending that the government cannot prove the case it describes and the charges it alleges in the indictment.

       For the reasons that follow, the motion shall be overruled.

**Background**

       A federal grand jury in Toledo, Ohio, returned an eight-count indictment against the defendant, an attorney employed during the period covered by the indictment by MedBack, Inc., a Toledo firm, which, according to the indictment, was in the business of providing chiropractic services.

       Count 1 charges the defendant with conspiring to commit health care fraud and  make false statements relating to health care matters, in violation of 18 U.S.C. § 371. Counts 2 through 7 charge the defendant with making false statements relating to health care matters, in violation of 18 U.S.C.

§ 1035. Count three charges the defendant with conspiring to commit promotion-type money laundering, in violation of 18 U.S.C. § 1956(h).

The gravamen of the government's charges is that the defendant, along with the owners and other employees of MedBack, engaged in a scheme to bill Medicare and other government and private health care providers for services performed by chiropractors as though the services had been performed by physicians. As a result, the indictment alleges, approximately $17 million was fraudulently received.

Prior to 1998 the owners of MedBack, Timothy and Paul Neumann,[1] did business as Affordable Chiropractic. The indictment alleges that the creation of MedBack in that year was part of a scheme to defraud healthcare providers by enabling the conspirators to bill for medical, rather than chiropractic services, even though the services being provided were substantially the same – i.e., chiropractic.

In addition to the conspiracy charge, the government alleges that the defendant made false statements to health care providers in a series of letters in which the defendant asserted that MedBack did not provide chiropractic services. He is also alleged to have laundered funds unlawfully acquired through his and the other conspirators' fraudulent activities.

The defendant seeks dismissal on two grounds: 1) he was subject to entrapment by estoppel; and 2) the allegedly fraudulent billings were lawful, as being for services that were "incident to" services provided by physicians.

---

[1] The Neumanns and a former MedBack employee have plead guilty to charges arising from the scheme alleged in the indictment against the defendant in this case.

**Discussion**

**A. Entrapment by Estoppel**

As explicated by the government, entrapment by estoppel negates the element of criminal intent because of a defendant's reasonable reliance on authoritative advice from a governmental entity. The basis for the defendant's assertion of this defense is an August 7, 2000, letter from Vicki Fridenmaker of the Medicare Fraud Investigation Unit of Nationwide Insurance (formerly the Medicare Carrier for Ohio) to a patient at the MedBack clinic in Bryan, Ohio.

In that letter, Ms. Fridenmaker told the patient that it was

> acceptable for [the patient's treating chiropractor] to perform physical therapy services under the supervision of Dr. Neumann and the services may be billed under Dr. Neumann. By supervision, Dr. Neumann is not required to be in the room, but only to be in the office suite.

(Doc. 13, Ex. E).

The elements of the defense of entrapment by estoppel, which is a defense "based upon fundamental notions of fairness embodied in the Due Process Clause of the Constitution," *U.S. v. Ormsby*, 252 F.3d 844, 851 (6th Cir. 2001), are:

> (1) a government must have announced that the charged criminal act was legal; (2) the defendant relied on the government announcement; (3) the defendant's reliance was reasonable: and, (4) given the defendant's reliance, the prosecution would be unfair.

*Id.* at 851 n.7 (citing *U.S. v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992)

In *Levin* a Medicare provider had been told expressly that a certain procedure and practice would not violate billing regulations. 973 F.2d at 464-65. The government's subsequent prosecution for billing fraud was dismissed on the basis of entrapment by estoppel. *Id.* at 468.

3

As the government persuasively argues in this case, *Levin* is distinguishable, and the defendant is not entitled to dismissal without of the indictment on the grounds of entrapment by estoppel.

In *Levin*, crucial facts were not disputed. *See id.* at 470. In this case, many pertinent facts require jury determination. Among these are, *inter alia*, whether: creation of MedBack was a sham to conceal the true nature of the clinic's chiropractic operations; doctors who examined the clinic's patients periodically were doing so for the purpose of providing medical diagnosis and treatment, or were simply doing so in some, many, nearly all, or all instances to provide the appearance that the chiropractic services were incidental to medical treatment, and the alleged conspirators reasonably relied on the Fridenmaker letter.

The existence of these and other potentially disputed facts is an important consideration, because this court may dismiss an indictment on the basis of an anticipated defense only "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* at 467 (citing *U.S. v. Jones*, 542 F.2d 661 (6th Cir. 1976) (quoting *U.S. v. Covington*, 395 U.S. 57, 60 (1969)). Here trial is needed to permit the government to present its proof of the allegations; thus the defendant is not, at least until the government has done so, entitled to dismissal on the basis of his potential defense of entrapment by estoppel.

### B. "Incident to Billing"

The defendant claims that he cannot be culpable for his alleged involvement in the allegedly fraudulent billing because, based on the facts stated in the indictment, MedBack's billings were lawful under the law and applicable regulations.

"Incident to" billing allows a physician to bill Medicare for covered services performed by a physician's employee – such as administering a shot. Services covered by "incident to" billing must be: 1) an integral, though incidental, part of the doctor's personal professional services; 2) performed under the physician's direct personal supervision (i.e., the physician must be present in the same office suite and immediately available to provide assistance and direction when time the employee is performing services; 3) performed by employees of the physician; and 4) furnished during a course of treatment where the physician performs an initial direct, personal, professional service and performs subsequent services at a frequency that reflects his/her continuing active participation in and management of the course of treatment. (*See* Doc. 26, Attach. 1 (Medicare Manual, Vol. 3, Local Medical Review Policy for Physical Medicine and Rehabilitation Policy (eff. May 1, 1997)).

The government argues, and correctly so, that a jury could, contrary to the defendant's contention, find that MedBack was created as a sham to enable its owners to bill at physician rates for chiropractic services, and that the role of doctors was primarily to provide "cover" for those fraudulent activities.

The government's brief represents that the allegations about the sham nature of MedBack and related assertions in its indictment will be supported by testimony from MedBack billing personnel, clinic office managers, and clinic medical doctors, and analysis of MedBack's billing records. (Doc. 26, at 9). This evidence, the government asserts, will show that the services of the physicians were incidental to those of the chiropractors, rather than vice-versa. *Id*.

If so – in other words, if the government proves the allegations in the indictment – a jury could find that the billings giving rise to this case were not lawfully incident to care being provided by physicians.

The indictment's allegations in the conspiracy count outlining the scheme and its fraudulent character are sufficient.

### C. False Statements and Money Laundering

If the government shows that the statements on which the false statement counts are based were not true – i.e., that chiropractic services were performed with regard to the billings be referenced in those communications – the jury could find the defendant guilty of those charges.

With regard to the money laundering count, the government will have a basis for prevailing if it proves that funds were generated from fraudulent activity and the other elements of money laundering are established.

### Conclusion

No basis has been shown for dismissing the indictment.

It is, accordingly

ORDERED THAT the defendant's motion to dismiss (Doc. 13) be, and the same hereby is denied, without prejudice to the defendant's right to challenge the government's proof and its adequacy at trial.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge