IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:05CR707

        Plaintiff

v.                                                         ORDER

James N. Altiere, III,

        Defendant

This is a criminal case in which the defendant, an attorney and counsel to Medback, Inc., its corporate predecessor, Affordable Chiropractic, Inc., and Professional Corporations Management Company and Great Lakes Medical Clinics, wants to bar the government from using forty-four documents seized from his office during execution of a search warrant. The defendant seeks to exclude documents on the basis of the work product doctrine.

The defendant asserts initially that any objection on the government's part to his motion should be overruled on the basis that I previously have ruled these documents come within the work product doctrine.

That ruling was made at an earlier stage of the proceeding, and was not intended to state with finality whether the documents, on further development, could be admitted pursuant to the crime-fraud exception to the doctrine. The ruling was preliminary, not final.

To prevail on a claim that documents lose their work product protection on the basis of crime or fraud, the government must make, first "a prima facie showing that a sufficiently serious crime or fraud occurred to defeat the privilege; [and] second, the government must establish some relationship between the communication at issue and the prima facie violation." *In re Antitrust Grand Jury*, 805 F.2d 155, 164 (6th Cir.1986).

I conclude that the government has made a *prima facie* showing that the defendant participated in the crimes with which he is charged. Aside from the probable cause finding that such is so manifest in the affidavit for the search warrant and indictment, four alleged co-participants have plead guilty and are, according to the government, ready, willing, and able to testify against the defendant at his trial on charges of engaging in fraudulent activities.

I cannot, however, at this time make the second determination required under *Antitrust Grand Jury*: namely, whether there is a nexus between particular documents and the alleged crimes.[1] Making that determination requires a more substantial elucidation of the setting in which the documents were prepared. At trial, the evidentiary context will be actual, not abstract, and an accurate decision as to the applicability of the exception to particular documents can be ascertained.

If the government does not already have possession of the documents, it is entitled to have them, as my ruling that the search by which the documents were seized was lawful entitles the government to possess them. The remaining question is whether it can use them at trial, and it is that question for which an evidentiary context is a necessary predicate for an answer.

In light of the foregoing, it is

---

[1] To the extent that the government argues that the businesses for which the defendant served as counsel were so permeated with fraud that no document prepared by him avoids the crime-fraud exception, I conclude that I likewise cannot make that finding at this time. My not doing so does not, however, preclude the government, if it wishes, from making that argument as the case unfolds at trial.

ORDERED THAT leave be, and the same hereby is granted to the government to proffer forty-four documents previously designated as attorney work product on a showing of the applicability of the crime-fraud exception to that doctrine.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
